## A. SOLINSKEY v. YOUNG & WRIGHTLY.

### (No. 3853.)

APPEAL from Bowie County.   Opinion by WHITE, P. J.

VAUGHN & LEARY, counsel for appellant.

No counsel appeared for appellees.

§ 269. *Bond for attachment held insufficient.* This was a suit instituted in the lower court upon a verified account for $387.61.   On the same day appellees, Young & Wrightly, made affidavit and bond for attachment, and the writ of attachment was levied upon certain cattle, which were afterwards sold on an order of court.   When the case was called for trial, appellant, Solinskey, moved to quash the attachment, because the bond for attachment was insufficient in its conditions, said conditions being in words, to wit:   "That the above bound Young & Wrightly, plaintiffs in attachment, the said Solinskey, defendant, will prosecute their said suit to effect, and that he will pay all such damages and costs as shall be adjudged against him for wrongfully suing out such attachment."   A case directly in point is Winn v. Sloan, 1 Civil Cas. Ct. App., § 1105, where it was said:   "The law prescribes the conditions of the bond to be given,

and declares that attachments issued without such bond shall be abated.   One of the conditions is that plaintiffs and their sureties shall pay all such damages and costs as shall be adjudged against them for wrongfully suing out the attachment.   The condition of the bond in this case is that John A. Sloan & Co. and their sureties 'shall pay all such damages and costs as shall be adjudged against him,' etc.   The defendant was entitled to be secured against the damages he might recover against John A. Sloan & Co. The sureties are here sureties only for John A. Sloan, and this is not a substantial compliance with the requirement of the law.   [Drake, Attachm. 132;  Jones v. Anderson, 7 Leigh, 308.]"  The court erred in overruling appellant's motion to quash the attachment.

§ 270. *Statement of facts;  absence of, on appeal, ground for reversal, when.*   Another error for which the judgment of the court below should be reversed is that appellant, without any fault on his part, has been deprived of a statement of facts in this case.   The court made an order allowing ten days after adjournment for the making up and filing of a statement of facts, and the adjournment was on the 6th of May, 1891. By affidavit of attorney for appellant, it is shown that he prepared a statement of facts, and presented it to the attorney for appellees on the 12th day of May, and when said attorney failed to agree to it, he presented said statement of facts to the county judge for his approval. The affidavit of the county judge shows the same facts, and further, that he delivered the statement of facts to counsel for appellees, and the clerk certifies that no statement of facts was ever filed in the cause.   Without any fault of appellant or his counsel, it appears that he has been deprived of a statement of facts — a valuable right which the law entitles him to, that his case may be properly reviewed in the appellate court.   [Ruston v. State, 15 Tex. App. 336; 2 Civil Cas. Ct. App., § 824;

3 Civil Cas. Ct. App., §§ 29, 288.] For the errors above discussed the judgment is reversed and the cause re-manded.

December 9, 1891.          Reversed and remanded.